John J. Walsh, J.
Defendant moves to inspect the Grand Jury minutes on the ground that such inspection will disclose irregularities therein sufficient to warrant a dismissal of the indictment against him. The District Attorney was directed to furnish a transcript of the Grand Jury proceedings for examination by the court before ruling on the application to inspect.
The defendant claims that he asked permission to appear before the Grand Jury (Code Grim. Pro., § 257) and that he did so but that during the time of his appearance the following irregularities occurred:
1. Defendant was hot allowed to give his uninterrupted version of the facts.
*703 2. That the Grand Jurors were not allowed to make inquiries of the defendant.
3. That the District Attorney commented on defendant’s criminal record and thereby influenced the jury.
4. That matters extraneous to the crime being investigated were introduced before the Grand Jury.
The inspection by the court discloses that the Grand Jury testimony consisted of 84 pages, of which 26 were devoted to the appearance of the defendant.
The defendant’s claim that the Grand Jurors were not allowed to question the defendant is without any foundation. More than 30 separate questions were asked by the jurors.
Inspection does not disclose any extraneous matters introduced before the Grand Jury.
The other claimed irregularities were considered in and disposed of by the case of People v. Blair (17 Misc 2d 265). The court’s finding in that case (p. 272) applies with equal force to this application:
“ The court must take the whole of the examination not just a mere part of it, so as to determine whether the defendant has been heard with some reasonable latitude. Taking the whole examination in this ease into consideration, the defendant had a hearing within the contemplation of this law wherein the Grand Jury, performing its functions in investigating the facts of the ease, took cognizance of, listened to, and received the facts from the defendant for the sake of deciding correctly. Let it be remembered that the right to testify under this statute is personal and individual, unless the Grand Jury wish to hear other evidence.
“ In passing', notice has been taken of the facts that at no time did the defendant make objection on any ground before the Grand Jury inquest, or protest about the inquiry, the manner or subject of his examination; nor did he decline to answer any question propounded.
“Nowhere in the course of the examination does it appear that the District Attorney did anything improperly to influence the findings of the Grand Jurors; and my conclusion on the whole record is that the proceedings were not irregular or contrary to law.
“ The record reveals nothing to warrant the claim that the defendant’s rights have been violated. I find no fatal defect in the nature or character of the examination, warranting a motion to quash.
“ This motion for an inspection, must, therefore, be denied.”